UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 16 AM 9:42

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Hector GARCIA,**<br><br>Defendant. | '08 MJ 2166<br>Magistrate Case No. _____<br><br>**COMPLAINT FOR VIOLATION OF**<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After Deportation |

The undersigned complainant being duly sworn states:

On or about **July 14, 2008**, within the Southern District of California, defendant **Hector GARCIA**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this 16th day of **July, 2008**.

UNITED STATES MAGISTRATE JUDGE
**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**

## PROBABLE CAUSE STATEMENT

On July 14 2008, at approximately 9:10 PM., **Hector GARCIA (Defendant)** applied for admission into the United States via the pedestrian primary lanes at the San Ysidro, California Port of Entry. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented a valid California birth certificate bearing the name Angel Robles. Defendant then gave a negative customs declaration and stated he was going to Los Angeles, California. The CBP Officer requested photographic identification from Defendant who stated his belongings had been stolen in Tijuana, along with his identification. The CBP Officer asked Defendant if he was sure he was a United States Citizen and Defendant replied that he was. The CBP Officer also asked Defendant if he had ever been deported and Defendant replied that he has not. The CBP Officer elected to refer Defendant to secondary for further inspection.

In secondary, Defendant was queried by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, revealing Defendant's true identity as a deported alien and citizen of Mexico. Defendant was also linked to FBI and Immigration Service records.

Immigration Service records checks including the Deportable Alien Control System (DACS) identified Defendant as a deported alien. DACS information indicated that on or about April 25, 2005 an Immigration Judge ordered Defendant deported and removed from the United States to Mexico and was subsequently physically removed from the United States through San Ysidro, California on April 28, 2005. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. Defendant admitted he is a citizen of Mexico by birth in Mexico City, Mexico. Defendant admitted he does not possess documents to legally enter the United States and that he had presented a United States Birth Certificate issued or designed for the use of another, with the intent to gain admission into the United States. Defendant admitted he has been previously deported from the United States by an Immigration Judge and removed to Mexico through San Ysidro, California and has not applied for or received permission from the United States government to legally re-enter the United States. Defendant admitted he intended to enter the United States to seek employment and resume living in San Gabriel Valley, California.